UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STARR SURPLUS LINES INSURANCE COMPANY,

        Plaintiff,

-against-

BAR BAKERS, LLC,

        Defendant.

BAR BAKERS, LLC,

        Counterclaim-Plaintiff,

-against-

STARR SURPLUS LINES INSURANCE COMPANY,

        Counterclaim-Defendant.

BAR BAKERS, LLC,

        Third-Party Plaintiff,

-against-

BERKLEY ASSURANCE COMPANY and INSURGENT BRANDS, LLC,

        Third-Party Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _12/12/2019_

19 Civ. 9136 (AT)

**ORDER**

ANALISA TORRES, District Judge:

    Plaintiff Starr Surplus Lines Insurance Company ("Starr") commenced this action on October 2, 2019 against Defendant Bar Bakers, LLC ("Bar Bakers"). On November 18 and 19, 2019, Bar Bakers filed its Answer, Counterclaim, and Third-Party Complaint. *See* ECF Nos. 19, 21. By letter dated November 18, 2019, Bar Bakers raised a potential issue regarding whether the Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332(a), based on a possible lack of complete diversity of citizenship between the parties because "Gary Jacobs is a member of Bar Backers and is a resident of the State of New York." ECF No. 20.

    In an attempt to resolve the subject matter jurisdiction question prior to the initial pretrial conference, the Court ordered Bar Bakers to submit any evidence to support its claims that Jacobs is domiciled in New York. ECF No. 24. Bar Bakers responded on December 4, 2019, providing the declaration of Gary Jacobs. ECF No. 26. The declaration provides, in part, that Jacobs has resided in

New York his entire life, has a permanent address in New York, owns a condominium in New York, belongs to a temple in New York, sits on the board of a public company headquartered in New York, files income taxes in New York, is registered to vote in New York. ECF No. 26-1 at 1–2. Although the Court previously noted that it was not persuaded by Bar Bakers' arguments that complete diversity of citizenship may be lacking, ECF No. 24 at 2, the Court finds the declaration of Jacobs to be much more persuasive.

Starr responded on December 11, 2019, and argues that Bar Bakers may not have met its burden of demonstrating that diversity jurisdiction does not exist because "whether 'diversity jurisdiction exists is determined by examining the citizenship of the parties at the time the action is commenced.'" ECF No. 28 at 2 (quoting *Hai Yang Liu v. 88 Harborview Realty, LLC*, 5 F. Supp. 3d 443, 446 (S.D.N.Y. 2014)). Starr further argues that Bar Bakers should be required to provide the Court and Starr with additional information to confirm that Jacobs was in fact a member of Bar Bakers at the time that Starr commenced this action. ECF No. 28 at 2.

The exchange of additional information may allow the parties to resolve this dispute. Accordingly, it is hereby ORDERED that by **December 16, 2019**, the parties will meet and confer to discuss the exchange of information necessary to resolve the dispute. By **December 17, 2019** at **12:00 p.m.**, the parties shall submit a joint status letter. The Court will issue a briefing schedule if the parties are not able to resolve the question of subject matter jurisdiction. The initial pretrial conference scheduled for December 18, 2019 is ADJOURNED *sine die*.

SO ORDERED.

Dated: December 12, 2019
      New York, New York

_____
ANALISA TORRES
United States District Judge